**WHITE AND WILLIAMS LLP**
The Legal Center | One Riverfront Plaza
1037 Raymond Blvd.| Suite 230
Newark, New Jersey 07102-7253
Phone No.: 201.368.7200
*Attorneys for Plaintiff, Evanston Insurance Company*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>O'LAUGHLIN INDUSTRIES, INC.,<br><br>Defendant. | CIVIL CASE NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND** |

Plaintiff, Evanston Insurance Company ("Evanston"), a corporation of the State of Illinois, by way of Complaint for Declaratory Judgment, hereby states as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon diversity of citizenship and a matter in controversy in excess of $75,000.00 pursuant to U.S.C. § 1332(a)(1).

2. Venue is laid in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391.

### II. THE PARTIES

3. Plaintiff, Evanston, was and is an insurance company organized and existing by virtue of the laws of the State of Illinois with its principal place of business in the State of Illinois.

4. Defendant, O'Laughlin Industries, Inc. ("O'Laughlin"), is a corporation organized and existing by virtue of the laws of the State of New Jersey with its principal place of business in the State of New Jersey,

22752393v.1

### III. THE POLICIES

5. O'Laughlin was an insured under general liability policies issued by Evanston under Policy Numbers SP869979 (effective dates April 18, 2015 to April 18, 2016); SP874278 (effective dates April 18, 2016 to April 18, 2017); SP878702 (effective dates April 18, 2017 to April 18, ,2018).

6. The aforementioned claims made policies provided liability limits of $1,000,000 per occurrence and $2,000,000 aggregate, subject to a $25,000 deductible per claim. The retroactive date applicable to all policies is April 18, 2015.

### IV. FACTUAL BACKGROUND

7. O'Laughlin was named as a defendant in a lawsuit filed on/or about October 22, 2018 in the Circuit Court of Cook County, Illinois, County Department, Law Division bearing Cause Number 2018L011469 entitled <u>Lazaro Sanchez, Jr. and Patricia Bustamante, Husband and Wife, Plaintiffs v. DSM Food Specialties USA, Inc., et al</u>. (the "Lawsuit").

8. The Lawsuit alleges that Lazaro Sanchez, Jr. was exposed to diacetyl and acetyl and from 2011 to the present and that Patricia Bustamante was exposed to diacetyl and acetyl in 2007.

9. The Lawsuit further alleges that as a result of Lazaro Sanchez, Jr. and Patricia Bustamante's exposure to diacetyl and acetyl each have suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings and were otherwise injured.

10. The Lawsuit further alleges that O'Laughlin was involved in the chain of distribution of the diacetyl and acetyl which injured each Plaintiff in that Lawsuit. The Lawsuit further alleges that it was known and reported in the industry since at least 1986 that diacetyl exposure causes lung damage.

22752393v.1

11. Evanston has determined that based upon policy language and exclusions, O'Laughlin is not entitled to coverage or a defense under the Evanston policies at issue.

## V. NATURE OF THE ACTION

12. Evanston seeks a declaratory judgment that it has no duty to defend or indemnify O'Laughlin under Policy Numbers SP869979; SP874278, and SP878702, with respect to the claims asserted against O'Laughlin in the Lawsuit.

13. The Insuring Agreement in the Evanston policies states in pertinent part:

*INSURING AGREEMENTS*

A. ***Coverage A. – Bodily Injury and Property Damage Liability:***
*The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in Item 5. of the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision, for Bodily Injury or Property Damage to which this insurance applies caused by an Occurrence, provided:*

1. *the entirety to such Bodily Injury or Property Damage and Occurrence happens during the Policy Period or on or after the Retroactive Date stated in Item 7. of the Declarations; and*

2. *such Bodily Injury or Property Damage arises out of only those products, goods, operations or premises specified in Item 6. of the Declarations.*

14. Item 6 of the Declarations provides:

6. *Specified Products, Goods, Operations and Premises Covered:*

*Fragrance and Flavor Chemicals; all related premises and operations of the Insured.*

15. The policy contains the following definitions:

E. ***Bodily Injury*** *means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any*

22752393v.1

> time.  Bodily Injury shall also mean Incidental Medical Malpractice Injury, provided that the Named Insured is not engaged in the business or occupation of providing professional health care services.
>
> F. **Claim** means a notice received by the Insured of an intention to hold the Insured responsible for: (1) a Bodily Injury; (2) a Property Damage; (3) an Advertising Injury; or (4) a Personal Injury; involving this policy and shall include the service of suit or institution of arbitration proceedings against the Insured.
>
> I. **Damages** means the monetary portion of any judgment, award or settlement; provided, however, that Damages shall not include: (1) multiplied portions of damages in excess of actual damages, including trebling of damages; (2) taxes, criminal or civil fines, or penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; or (5) the return of or restitution of fees, profits or charges for services rendered.
>
> P. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. The policy contains the following exclusion:

    > B. With respect to Coverage A., the policy does not apply to:
    >
    > 1. any Claim based upon or arising out of Bodily Injury or Property Damage expected or intended from the standpoint of the Insured; provided, however, this exclusion does not apply to Bodily Injury resulting from the use of reasonable force to protect persons or property;

17. The Retroactive Date set forth in each policy is April 18, 2015.

## FIRST COUNT

18. Evanston repeats and realleges all of the preceding allegations of the Complaint for Declaratory Judgment as set forth at length herein.

19. A controversy exists between the parties concerning their respective rights under the subject policies.

22752393v.1

20. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned policies.

21. The claims set forth in the Lawsuit are excluded from coverage as no claim was first made against O'Laughlin during any policy period as required by the policies at issue.

22. The claims against O'Laughlin set forth in the Lawsuit are excluded from coverage as the entirety of the occurrence and injury alleged in the Lawsuit did not happen during the policy period or on or after the direct or Retroactive Date of April 18, 2015.

23. The claims against O'Laughlin set forth in the Lawsuit may be excluded from coverage under the policies expected or intended exclusion.

24. Any claims against O'Laughlin set forth in the Lawsuit that may constitute or seek punitive damages, penalties or fines are excluded by the definition of Damages set forth in the policies at issue.

25. Public policy and law of this jurisdiction preclude coverage for any claim or demand for punitive damages.

**WHEREFORE**, Plaintiff, Evanston, respectfully requests the Court to enter judgment as follows:

 a.   a declaration that Evanston is not required to defend and/or indemnify O'Laughlin is not entitled to a defense for coverage with respect to any claim for punitive damages;

 b.   attorneys' fees and cost of suit; and

 c.   such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule Civil Procedure 38, Evanston hereby demands a trial by jury as to all issues so triable.

DATED: May 20, 2019

Respectfully submitted,
WHITE AND WILLIAMS LLP
*Attorneys for Plaintiff,*
*Evanston Insurance Company*

BY: _____
ROBERT T. PINDULIC

22752393v.1